IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ARTHUR J. MARSHALL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 111-097 |
| | ) (Formerly CR 109-078) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 16).[1]

The Magistrate Judge recommended that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be denied without an evidentiary hearing. In particular, the Magistrate Judge found that Petitioner's guilty plea had been entered into knowingly and voluntarily (doc. no. 12, p. 10), that the collateral attack waiver in Petitioner's written plea agreement was valid (id. at 12), and that, as a result, all but two of Petitioner's claims were barred by that collateral attack waiver (id. at 12-15). As to Petitioner's two claims that survived the collateral attack waiver – ineffective assistance of counsel for allegedly misleading him as to the sentencing range he faced and failing to inform him that

---

[1] Petitioner requested and received an extension of time to file his objections. (See doc. nos. 14, 15.)

his conduct from dismissed counts would be considered by the Probation Office, each claim having survived due to its alleged relation to Petitioner entering his guilty plea – the Magistrate Judge concluded that those claims were without merit. (Id. at 15-18.)

In his objections, Petitioner challenges the Magistrate Judge's analysis on many fronts, but only one of the challenges merits further discussion. The Magistrate Judge concluded that because Petitioner's claim concerning trial counsel's actions related to pursuing a direct appeal did not undermine the validity of Petitioner's guilty plea or the collateral attack waiver in his plea agreement, that claim is barred from consideration in these proceedings by the collateral attack waiver (id. at 13-15). See Williams v. United States, 396 F.3d 1340, 1342 & n.2 (11th Cir. 2005) ("An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002))). This conclusion is in accordance with the Court's position on this issue that was announced in Jones v. United States, 2011 WL 6327519 (S.D. Ga. Dec. 16, 2011), in which this Court adopted the Magistrate Judge's October 19, 2011 recommendation that a claim materially similar to that now raised by Petitioner be barred from consideration because of a collateral attack waiver. As the Magistrate Judge explained in the instant recommendation, the Court also granted a certificate of appealability ("COA") as to that issue, and the case is currently pending before the Eleventh Circuit.[2] (Doc. no. 12, p. 13 and n.5.)

Petitioner contends, however, that the Magistrate Judge erred in following this

---

[2] See Jones v. United States, No. 12-10562 (11th Cir. Feb. 1, 2012)

2

Court's announced position because, in three other opinions issued in the Southern District of Georgia, the Honorable B. Avant Edenfield, United States District Judge, ruled that claims of ineffective assistance of counsel premised on counsel's failure to file an appeal despite a request that he do so survive a collateral attack waiver.[3] (Doc. no. 16, pp. 28-31.) Petitioner mistakenly characterizes these district court opinions as Eleventh Circuit opinions, and thus his reliance on their precedential value is misplaced. In any event, even assuming *arguendo* that Petitioner's description of the substance of Judge Edenfield's opinions is correct, those differing opinions are merely a further reflection of the competing, yet non-binding, case law that exists on this topic. In sum, there was no error for the Magistrate Judge in this case to adhere to the undersigned's position despite conflicting views that exist on the issue.

To be clear, the Court agrees with the Magistrate Judge that upholding the collateral attack waiver does not run afoul of the holding in United States v. Gomez-Diaz, 433 F.3d 788 (11th Cir. 2005), in which the Eleventh Circuit concluded that a § 2255 petitioner who had entered into an appeal waiver did not have to show a meritorious ground for appeal in order to prevail on a claim that his counsel was ineffective for failing to file a notice of appeal when instructed to do so. Id. at 793-94. The determinative question in the instant case, in contrast to that addressed in Gomez-Diaz, is whether Petitioner's collateral attack waiver bars him from collaterally attacking his conviction and sentence by claiming that his trial counsel failed take certain actions concerning pursuing an appeal. Because that claim

---

[3]Roberson v. United States, Nos. CV 611-048, CR 608-012, 2011 WL 6032962 (S.D. Ga. Nov. 30, 2011) (Edenfield, J.); Gourdine v. United States, Nos. CV 611-069, CR 610-001, 2012 WL 208969 (S.D. Ga. Jan. 24, 2012) (Edenfield, J.); Simmons v. United States, Nos. CV 611-083, CR 610-001, 2012 WL 1499469 (S.D. Ga. Apr. 23, 2012) (Edenfield, J.).

3

does not call into question the validity of the collateral attack waiver or guilty plea, it is barred by the collateral attack waiver. Williams, 396 F.3d at 1342 & n.2; see also United States v. Falcon-Sanchez, 416 F. App'x 728, 730-31 (10th Cir. 2011) (holding that ineffective assistance claim based on counsel's failure to file notice of appeal as instructed by petitioner was barred by collateral attack waiver because the claim "[did] not relate to the validity of the plea or the waiver"). Furthermore, the Court rejects Petitioner's contention that an evidentiary hearing is warranted. To the contrary, it is appropriate to dismiss his § 2255 motion without a hearing because, even assuming the truth of his allegations concerning filing an appeal, the claim is nevertheless barred by the collateral attack waiver. See United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999) (reasoning that a waiver of the right to pursue an appeal or collateral attack "includes a waiver of the right to appeal [or collaterally attack] blatant error").

In sum, these objections are without merit and do not warrant departing from the conclusions in the Report and Recommendation. Petitioner's objections not explicitly discussed herein are likewise without merit. Accordingly, Petitioner's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA"). A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. The Court should

grant a COA if Petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 482-84 (2000). As noted above, the Eleventh Circuit has not yet addressed the applicability of a collateral attack waiver with regard to a § 2255 claim of failure to consult about filing a direct appeal, although the issue remains pending. See Jones, No. 12-10562. Moreover, as noted above, there is non-binding authority from within this District and from another circuit that supports Petitioner's position. See United States v. Tapp, 491 F.3d 263 (5th Cir. 2007). But see Falcon-Sanchez, 416 F. App'x at 730; United States v. Morgan, 284 F. App'x 79, 83, 87 (4th Cir. 2008) (holding that ineffective assistance claim based on counsel's failure to file appeal was barred by collateral attack waiver); Skaggs v. United States, 104 F. App'x 462, 463 (6th Cir. 2004) (same). Accordingly, the Court **GRANTS** Petitioner a COA, which shall be limited to the issue of whether Petitioner's collateral attack waiver bars his § 2255 claim that his trial counsel provided ineffective assistance of counsel as a result of his actions related to pursuing a direct appeal.

Upon the foregoing, Petitioner's § 2255 motion is **DENIED** without an evidentiary hearing, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the United States of America.

SO ORDERED this 28th day of February, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA