# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

ARTHUR J. MARSHALL, JR.,           )
                                   )
    Movant,                       )
                                   )
v.                                 )    Case No. CV111-097
                                   )            CR109-078
UNITED STATES OF AMERICA,          )
                                   )
    Respondent.                   )

## ORDER

This 28 U.S.C. § 2255 proceeding is on remand from the Eleventh

Circuit following Marshall's successful appeal of this Court's previous

denial of his 28 U.S.C. § 2255 motion. *Marshall v. United States*, 592 F.

App'x 919 (11th Cir. 2015). The appellate court has directed this Court

to conduct an evidentiary hearing on his ineffective-assistance-of-counsel

(IAC) claims. *Id.* at 920. But there are some housekeeping matters that

first need to be addressed.

## I. BACKGROUND

After Marshall was indicted on 22 counts for, *inter alia*, bank and

mail fraud, doc. 3,[1] he pled guilty to two counts and, as part of his plea

---

[1]  The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

bargain, agreed to waive his direct and collateral appeal rights.[2] Doc. 39; doc. 40 at 7; doc. 41. Noting the double waiver, doc. 60 at 39, the district judge sentenced him to 69 months. Doc. 55 at 2. Marshall took no appeal but filed this § 2255 motion, challenging only his sentence: "Petitioner does not contest his admission of guilt as he accepted his guilt and understands punishment is deserving [sic]. However, [he] contends that a sentence of 69 months is overstated. . . . [T]he imposed

---

[2]  The plea agreement states that,

> "[t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, *including* a §2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 40 at 7 (emphasis added). Marshall cites none of those exceptions.

At his guilty-plea hearing the judge explained: "Your plea agreement contains a provision, however, that says you're waiving the right to directly appeal that conviction and sentence and you are giving up your right to collaterally appeal that sentence in a post conviction proceeding. . . . Do you understand that waiver of appeal? THE DEFENDANT: Yes, sir." Doc. 61 at 22; *see also id.* at 22-23 ("And knowing what I've described to you, do you still wish to waive -- to sign a plea agreement that contains that waiver of appeal?. THE DEFENDANT: Yes, sir.").

sentence . . . was . . . [factually unsupported and] based on clear error and miscalculation." Doc. 62 at 5.

Marshall acknowledges that he waived his right to file this § 2255 motion. Doc. 62 at 6. He admits that he had stated on the record that he understood what he was waiving. *Id.* at 7. But he insists he "did not understand *the law*, nor understand the ramifications of the plea agreement and its' [sic] appeal waivers when[,] upon advice of Counsel, [he] entered into [his] plea agreement with the Government." *Id.* at 11 (emphasis added). Marshall claims that he realized, before his sentencing hearing, that his $100,000-retained, lead attorney was unprepared. Kieran Shanahan allegedly pressured him to "[j]ust go along with everything and let me handle it," and threatened to abandon him if he did not sign and thus accept the Presentence Investigation Report (PSI) that Marshall insists is erroneous.[3] Doc. 62 at 23.

Marshall says that he asserted his appellate rights after the sentencing hearing. He claims he "informed [Shanahan] that he wanted to appeal his sentence; [and] instructed [him] to file such *Notice of Appeal* . . . ." Doc. 62 at 24 (emphasis original). Counsel even

---

[3] As previously noted, doc. 75 at 7 n. 3, Marshall also was represented by another lawyer, but he raises IAC claims only against Shanahan. Doc. 62.

"acknowledged to third parties of his intention of challenging the sentence." *Id.* at 45-46 (citing unsworn, third-party statements corroborating movant). Yet, Shanahan failed to file an appeal. *Id.* Citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and related precedent in his § 2255 motion, Marshall argued that counsel was *per se* ineffective for not taking an appeal.[4] *Id.* at 25-26.

Opposing Marshall's § 2255 motion, the Government invoked the double waiver. Doc. 68 at 5 ("It is enforceable and should be enforced to deny all of Marshall's claims here."). As for his IAC claims, it contended that "Marshall's belated, self-serving allegations of attorney ineffectiveness are completely contrary to his own sworn testimony at

---

[4]

It is settled . . . that an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Gaston v. United States*, 237 Fed.Appx. 495, 495 (11th Cir. 2007). And a defendant claiming ineffective assistance on that score need not demonstrate an ability to raise meritorious issues on appeal. *Roe*, 528 U.S. at 477-78, 120 S.Ct. 1029. Instead, he can prove ineffective assistance by showing a "reasonable probability" that he would have timely appealed had counsel not failed to file an appeal on his behalf. *Id*, at 484, 120 S.Ct. 1029. This is the case despite his double waiver. *Gaston*, 237 Fed.Appx. at 497 (no burden to show the issue he would raise falls outside his waiver); *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

*Mingo v. United States*, 2014 WL 7184011 at * 2 (S.D. Ga. Dec. 17, 2014).

4

the change-of-plea hearing. His claims of attorney ineffectiveness, and his related claim that his guilty plea was involuntary, should be rejected. His guilty plea was voluntary, and the waiver of collateral attack therein bars his claims." *Id.* at 10. It further argued that the sentencing error claims were not cognizable under § 2255, are meritless, and procedurally defaulted, as Marshall had taken no appeal. *Id.* at 13-16. Finally, the Government relied on the collateral-attack waiver to oppose Marshall's IAC claim for his lost appeal. *Id.* at 16-19. It concluded with this:

> The government has spoken to Kieran Shanahan, Marshall's Rule 11 and sentencing counsel, and Mr. Shanahan denies that Marshall asked him to file a notice of appeal. Furthermore, should this Court conclude that the collateral attack waiver does not bar this claim and then finds after an evidentiary hearing that Marshall did request an appeal, then the government *concedes* that an out-of-time appeal is the appropriate remedy.

Doc. 68 at 20 (emphasis added). Marshall replied and, among other things, stood on his lost-appeal claim. Doc. 73 at 31-32.

When it first ruled on his § 2255 motion, the Court upheld the double waiver in part, thus neutralizing most of Marshall's claims. Doc. 75 at 12 ("Grounds Two through Five are barred by the waiver. . . . [and] all but two of [his IAC claims] raised in Ground Six of his motion are

similarly barred by the waiver."), *adopted*, doc. 80.[5]  Hence, Marshall's lost-appeal claim was barred by his double waiver because what he pled did "not call into question the validity of the collateral attack waiver or guilty plea. . . ." Doc. 80 at 3-4, *reconsideration denied*, doc. 83. But the Court also granted Marshall a Certificate of Appealability on that issue. Doc. 80 at 4-5. As noted, the appeals court reversed because, while the case was on appeal, the Government altered its waiver-enforcement

---

[5]  The district judge relied in no small part on *Jones v. United States*, 2011 WL 6327764 (S.D. Ga. Oct 19, 2011) (double waiver barred lost-appeal claim), which was reversed on appeal after the Justice Department abandoned its waiver-enforcement policy while that appeal was pending. *Jones v. United States*, 582 F. App'x 845 (11th Cir. 2014). That led to an evidentiary hearing, which resulted in a credibility determination that Jones never instructed his lawyer to file an appeal. *Jones v. United States,* 2015 WL 1297473 at *8 (S.D. Ga. Mar. 20, 2015) ("In light of these considerations, the Court finds that Petitioner never instructed Mr. Glover to file an appeal."), *adopted*, 2015 WL 1799885 (S.D. Ga. Apr. 16, 2015).

Such lost-appeal claims may be neutralized where counsel not only fulfills his duty to consult with his client about an appeal but takes the time to memorialize those discussions. The frequency of such lost-appeal claims within the Savannah Division of this Court led the Court to develop, and require counsel to file, a Certification bearing the client's signature and reflecting his wishes whether to pursue or forego on appeal. In numerous cases, the filing of that required document has eliminated the need for an evidentiary hearing in a later § 2255 proceeding asserting a lost-appeal claim. *See, e.g. Eason v. United States*, 2014 WL 4384652 (S.D. Ga. Sept. 3, 2014) (rejecting lost-appeal claim because attorney-filed Certification established that movant had expressly elected not to appeal); *Elliott v. United States*, CR413-115, doc. 73 (S.G. Ga. May 4, 2015) (§ 2255 movant's claim that he instructed his attorney to file an appeal rebutted by Certification filed by attorney in criminal case).

policy.[6] *Marshall*, 592 F. App'x at 920. Thus, that court never reached the merits of the waiver defense, nor whether the government's policy change should be dispositive since, as explained in *Mingo*, 2014 WL 7184011 at * 1, the Court itself may be said to have relied on Marshall's double waiver in granting him, as it did here, sentencing leniency (acceptance-of-responsibility reduction, etc.).[7]

## II. ANALYSIS

It is this Court's practice to request sworn affidavits or 28 U.S.C. § 1746 Declarations from allegedly errant lawyers *and* movants before a hearing. *See, e.g., Mingo v. United States*, 2014 WL 4926278 (S.D. Ga.

---

[6] *See Mingo v. United States,* 67 F. Supp. 3d 1370, 2014 WL 7184011 at * 1 (S.D. Ga. Dec. 14, 2014) (the new "policy seems to be this: Where ineffective assistance claims could, in the judgment of the U.S. Attorney, reasonably have some basis, the government will not enforce the waiver. But where such claims lack even facial merit, it will.").

[7] From *Mingo*:

Of course, the Court is not bound by the Justice Department's policy change. In quest of leniency, a defendant who plea bargains for reduced sentencing exposure is able to point to that plea as proof that he has accepted responsibility -- a point the sentencing judge may well consider in being lenient. It is in that sense that the judge absorbs and thus may be said to rely upon the plea bargain. And where that bargain (as was the case here) includes a double waiver, the judge can be influenced by that, too, since the defendant is sparing the taxpayers both direct appeal and collateral review expenses (a natural corollary to the spared-trial-expense component of the acceptance-of-responsibility factor in U.S. Sentencing Guidelines Manual § 3E1.1(b)).

*Mingo*, 2014 WL 7184011 at * 3 n. 3.

Oct. 1, 2014) (noting lost-appeal claim and directing Mingo to rebut his lawyer's sworn assertions on court-supplied, 28 U.S.C. § 1746 Declaration). Despite Local Rule 12.1,[8] the Government furnished no affidavit from Shanahan here:

> The government has spoken to Kieran Shanahan, Marshall's Rule 11 and sentencing counsel, and Mr. Shanahan denies that Marshall asked him to file a notice of appeal. Furthermore, should this Court conclude that the collateral attack waiver does not bar this claim and then finds after an evidentiary hearing that Marshall did request an appeal, then the government *concedes* that an out-of-time appeal is the appropriate remedy.

Doc. 68 at 20 (emphasis added).

In *Mingo*, another lost-appeal/IAC case, the Court considered defense counsel's affidavit about his *Roe* duty to confer. Counsel swore that Mingo elected not to appeal and even signed the Notice, which got waylaid and thus was never filed. *Mingo*, 2014 WL 4926278 at * 1. The Court directed Mingo to rebut that and provided him with a § 1746 Declaration form. It also warned him that it would tolerate no perjury.[9]

---

[8] In pertinent part that rule provides that "[e]very factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. *Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.*" S.D.GA.L.CR.R. 12.1 (emphasis added).

[9] It reminded him

Rather than comply, he moved to dismiss his case; it was promptly granted. *Mingo*, CR612-018, docs. 1082, 1083 & 1088. A similar result occurred in *Jones v. United States*, 2015 WL 464243 (S.D. Ga. Jan. 28, 2015), where the Court presented the movant with a *"Mingo* Statement" form and similar perjury reminder. In response, he withdrew his lost-appeal claim. *Id.* at * 1, *adopted*, 2015 WL 892391 (S.D. Ga. Mar. 2, 2015). And in *Elliott*, CR413-115, doc. 73, the Court denied a lost-appeal claim based squarely on the movant's signature on the Notice (electing no appeal) in his case. *Id.*, *aff'd*, doc. 78. There, counsel had timely filed the Notice. Doc. 62.

Here *no* party has declared, under penalty of perjury (§ 1746), much less under oath (sworn affidavit before a notary), that the facts

---

that lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608–36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at *2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012).

*Mingo v. United States*, 2014 WL 4926278 at * 1 n. 3 (S.D. Ga. Oct. 1, 2014).

supporting this lost appeal claim are true. *See* doc. 62 at 33 (signature page to Marshall's § 2255 brief bearing no § 1746 statement or notarization under oath); *see also id.* at 45-46 (unsworn, un-notarized bystander "affidavits" from his fiancé and mother). Marshall did sign his § 2255 form *motion* under § 1746, *id.* at 66, but that document follows his non-form *brief* bearing all of his lost-appeal assertions. And though that may be more a function of the way the Clerk processed his filing, it is far from clear whether his § 2255 *form's* § 1746 declaration page applies to that brief (necessary to hold him responsible for any perjury contained within it).

More importantly, Marshall makes specific assertions about what he says he told Shanahan and what Shanahan said back to him, as well as Marshall's witnesses. The Court is told by the Government only that "Mr. Shanahan denies that Marshall asked him to file a notice of appeal," but Shanahan has not submitted himself to any perjury sanction. Indeed, the government technically is advancing hearsay, *see Rivers v. United States*, 777 F.3d 1306, 1316-17 (11th Cir. 2015),[10] and on

---

[10] "Habeas cases . . . require, at the end of the day, admissible (non-hearsay) evidence. The initial presentation can be, as in ordinary summary judgment cases, in affidavit form, so long as it is evident that from the face of what is presented it can be reduced to admissible form at an evidentiary hearing." *Bowe v. United States*, 2009

a pivotal point at that (again, if Marshall requested an appeal and Marshall ignored him, that is *per se* ineffective, entitling Marshall to a new appeal, *see supra* n. 4).

In light of the results reached in cases like *Mingo, Jones, Eason*, and *Elliott* (all four § 2255, lost-appeal cases disposed of without hearings), it therefore makes sense to direct pre-hearing affidavits (or § 1746 Declarations) to clarify the hearing issues, if not dispose of this case outright. *Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015) ("It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence.").

## III. CONCLUSION

Within 14 days of the date this Order is served, then, Shanahan shall file a sworn affidavit (the Government shall assist him) responding

---

WL 2899107 at *9 (S.D. Ga. May 20, 2009), quoted in *Charley v. Estes*, 2015 WL 2354258 at *26 (N.D. Ala. May 14, 2015). Here the Government did not even bother to submit an affidavit, so its "briefing facts" may be disregarded. *See United States v. Lowe*, 6 F. App'x 832, 837 n. 6 (10th Cir. 2001) ("In the event that Lowe decides to pursue this issue in a § 2255 motion, we advise him that hearsay affidavits may be disregarded . . . ."); *Hayden v. United States*, 814 F.2d 888, 892 (2nd Cir. 1987).

to each and every appeal assertion that Marshall has raised in his § 2255 filings. Within 14 days after the Government serves Marshall with a copy of Shanahan's affidavit, Marshall shall, on the attached "§ 1746 Declaration," fully and completely rebut Shanahan's attestations *where factual disagreement exists*. (Again, the Court reminds Marshall that deliberate falsehoods in a § 1746 declaration can subject him to a prosecution for perjury.) *See Mingo*, 2014 WL 4926278 at *1 (form § 1746 Declaration). He must place it in his prison's mail system by the 14th day following the Government's service of Shanahan's affidavit upon him. Meanwhile, Marshall's motion for appointment of counsel (doc. 88) is **DENIED** without prejudice to renew it after the Court resolves the next, "*Mingo* Statement" phase of this case.

   **SO ORDERED,** this 26th day of June, 2015.


                                        _J R Smith_
                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# AUGUSTA DIVISION

ARTHUR J. MARSHALL, JR.,   )
                                    )
       Movant,            )
                                      )
v.                                  )      Case No. CV111-097
                                  )              CR109-078
UNITED STATES OF AMERICA,   )
                                      )
       Respondent.     )

## ARTHUR J. MARSHALL, JR.'S DECLARATION

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[Movant acknowledges that any attached, extra pages are bound by this declaration]

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mail system on _____, 2015.


**Arthur J. Marshall, Jr.**